# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHONDA YVETTE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-3225 (UNA) |
| | ) | |
| U.S. DEPARTMENT OF TREASURY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner's application to proceed *in forma pauperis* (ECF No. 4), her *pro se* petition for a writ of mandamus (ECF No. 1), and motions for injunctive relief (ECF No. 2) and to compel release of the title to her vehicle (ECF No. 3). The Court GRANTS the application, DENIES the petition, and DENIES the motions as moot.

Petitioner owes personal income taxes to the Commonwealth of Pennsylvania, *see* Pet., Ex. E (ECF No. 1-3 at 13-22), overpaid benefits to Pennsylvania's Office of Unemployment Compensation Benefits, *see id*., Ex. E (ECF No. 1-3 at 34-36), and income taxes, interest and penalties to the United States Treasury, *see, id*., Ex. G (ECF No. 1-4 at 31-36). She represents that the foreclosure sale of her residence was scheduled for November 12, 2025. *See id*., Ex. C (ECF No. 1-2 at 24-39). Petitioner alleges that Respondents have made attempts to collect on those debts notwithstanding a discharge order obtained in bankruptcy proceedings in the United States Bankruptcy Court for the Western District of Pennsylvania. *See* Pet. at 1-2. Petitioner demands mandamus relief "compelling Respondents to honor and enforce the discharge

1

injunction." *id*. at 1, an injunction "halt[ing] ongoing unlawful foreclosure, collection, and lien activity, including a sheriff's sale" of her residence, *id*., "voiding the tax lien by the Pennsylvania Department of Revenue," *id*. at 3 (emphasis removed), enjoining collection of overpaid employment benefits, *see id*., awarding "[s]anctions and damages of $5,000,000.00," *id*. (emphasis removed), and compelling the U.S. Department of Housing and Urban Development "to review and enforce FHA loan borrower protections," *id*., among other relief.

"A writ of mandamus is a 'drastic and extraordinary' remedy." *Brady v. Garland*, No. 23-cv-00212 (APM), 2023 WL 7213804, at *2 (D.D.C. Sept. 29, 2023) (quoting *Cheney v. U.S. District Court*, 542 U.S. 367, 380 (2004)), *aff'd*, No. 23-5246, 2024 WL 1693618 (D.C. Cir. Apr. 11, 2024); *see Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."). "To establish entitlement to mandamus relief, the plaintiff must demonstrate 1) a clear and indisputable right to the particular relief sought against the federal official, 2) that the federal official is violating a clear duty to act, and 3) that the plaintiff has no adequate alternate remedy." *Illinois v. Ferriero*, 60 F.4th 704, 713 (D.C. Cir. 2023) (citation omitted). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). Here, Petitioner fails to meet her burden.

Insofar as Petitioner demands mandamus relief with regard to State officials and private entities, she cannot obtain it under the federal mandamus statute. A writ of mandamus "compel[s] an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "[B]y by its plain language, [28

2

U.S.C. § 1361] does not permit this Court to compel action by state officials or private entities."
*Zernik v. U.S. Dep't of Justice*, 630 F. Supp. 2d 24, 27 (D.D.C. 2009); *see Trevino v. Texas Vital Stat.*, No. 11-cv-0976, 2011 WL 2066764, at *1 (D.D.C. May 26, 2011) ("The federal courts may compel federal officials to act under certain circumstances. *See* 28 U.S.C. § 1361.  Such authority does not extend to state officials or agencies.").

With regard to the federal Defendants, the petition fails to articulate what duty is owed. It is not enough to assert, in vague and broad language, that "HUD . . . failed to intervene or enforce borrower protections," Pet. at 2, or that the Internal Revenue Service "returned fiduciary filings, refused to process, and obstructed discharge enforcement," *id*.

Lastly, to the extent Petitioner asks this court to halt foreclosure proceedings, this court lacks jurisdiction to do so.  The foreclosure action proceeds, or proceeded, in a State court.  As a general rule applicable here, a federal district court lacks jurisdiction to review the decisions of other courts.  *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

An Order is issued separately.

/s/
TANYA S. CHUTKAN
United States District Judge

DATE: March 20, 2026

3